DAN M. LEE, Presiding Justice,
for the Court:
I.
Nathaniel Eley appeals the Lawrence County Circuit Court order entered on March 6, 1991, which summarily dismissed his motion to vacate his conviction and sentence. Under the provisions of the Mississippi Uniform Post-Conviction Collateral Relief Act [Miss.Code Ann. § 99-39-1 et seq. (Supp.1993) ], he attacks his guilty plea to an Information charging him with possession of cocaine with intent to deliver or sell in violation of Miss.Code Ann. §§ 41-29-139(a)(1) and 41-29-139(b)(1) (Supp.1993) and his fifteen year sentence to the Mississippi Departs ment of Corrections.
Eley claims his plea is deficient because the trial court failed to comply with Rule 3.03, Miss.Unif.Crim.R. of Cir.Ct.Prac. and the underlying Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) mandates for a voluntary plea. From a review of the pleadings and the record of the guilty plea, the trial court determined Eley’s guilty plea was made freely, voluntarily and knowingly and summarily dismissed Eley’s challenge to his guilty plea as without merit.
Eley appeals to this court asking that the decision of the circuit court be reversed and that the case be remanded for an evidentiary hearing to determine the question of the voluntariness of the guilty plea. His contentions are contained in two issues:
(1) the trial court failed to determine that there was a factual basis for the guilty plea, and
(2) failed to advise the minimum penalty provided by law.
Only Issue (2) merits discussion.
II.
The record reflects the circuit court failed to advise Eley that a $1,000 fine was the minimum penalty for possession of cocaine with intent to distribute. In Sykes v. State, 624 So.2d 500, 503 (Miss.1993), this Court labeled such failure harmless error and affirmed, stating:
We hold that where, as here, we can say beyond a reasonable doubt that the failure to advise an accused of a minimum [penalty] played no role in the decision of the accused to plead, such failure is not fatal to the sentence.
This record contains Eley’s written waiver of indictment, his petition to enter plea of guilty, and the twelve-page transcript of the circuit judge’s interrogation of Eley before accepting the plea. On this record, we find that the harmless error analysis applied in Sykes v. State, 624 So.2d 500 (Miss.1993), Nelson v. State, 626 So.2d 121 (Miss.1993) (citing Sykes), and Smith v. State, 631 So.2d 778 (Miss.1994) (citing Sykes and Nelson), applies.
III.
Accordingly, the order of the circuit court summarily dismissing Eley’s motion to vacate his conviction and sentence is affirmed.
LOWER COURT’S ORDER DISMISSING MOTION TO VACATE CONVICTION AND SENTENCE AFFIRMED.
*789 HAWKINS, C.J, PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.